UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRIAN GARCIA,                                                          **DOCKET NO: CV-18-3675**

                       Plaintiff,

       -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, and POLICE                                          **COMPLAINT**
OFFICERS "JOHN DOES 1-10 (whose names are
currently in possession of Defendants and not fully
known to Plaintiff) in their individual and official
capacities,

                   Defendants,                          ***Jury Trial is Demanded***
-----------------------------------------------------------X

      **PLAINTIFF, BRIAN GARCIA**, by and through his attorneys, The Law Offices of

Frederick K. Brewington, as and for his Complaint against the Defendants does state and allege as

follows:

## PRELIMINARY STATEMENT

      1.      This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, brought

pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983, false imprisonment, forcefully strip/cavity searched,

negligent infliction of emotional distress, deprivation of freedom, on the basis of race and/or color,

negligent hiring and supervision, negligence, recklessness, intentional and careless actions of the

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, and POLICE

OFFICERS "JOHN DOES 1-10 (whose names are currently in possession of Defendants and not

fully known to Plaintiff) in their individual and official capacities.

      2.      Specifically, the Plaintiff alleges that the Defendants (collectively and individually)

negligently, wantonly, recklessly, intentionally, and knowingly sought to and did wrongfully deprive

Plaintiff of his Constitutional rights, pursuant to the above mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the United States Constitution and laws of the State of New York.

3.      Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully stopped, wrongfully detained, illegally, intentionally and unconstitutionally falsely imprisoned, and forcefully strip searched Plaintiff, Brian Garcia.

4.      Defendants recklessly breached their duties of care with respect to their interactions with, and treatment of, Plaintiff as described herein.

5.      Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring and supervising its Police Officers, employees, representatives, and/or agents.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

7.      This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

8.      Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that Plaintiff resides in Suffolk County. Furthermore, the place where the events and violations herein alleged occurred was in Suffolk County.

9.      That prior hereto Plaintiff in conjunction with his State claims filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq.

## PARTIES

10.     During all times mentioned in this complaint, the Plaintiff DAVID GARCIA (hereinafter "Plaintiff" or "MR. GARCIA") was and still is a legal permanent resident of the United

2

States, residing in the County of Suffolk, State of New York.

11. DEFENDANT COUNTY OF SUFFOLK (hereinafter "COUNTY") is and was a duly constituted municipal corporation of the State of New York, and is and was the employer of the Suffolk County Police Department and the unknown defendant Police Officers, "John Doe" 1 through 9.

12. DEFENDANT SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter "COUNTY POLICE DEPARTMENT") is, and was, an entity/agency of the COUNTY OF SUFFOLK.

13. At all times relevant in this Complaint, and upon information and belief, DEFENDANT OFFICERS JOHN DOE # 1-10 (hereinafter "DEFENDANT OFFICERS") are members of Defendant COUNTY POLICE DEPARTMENT, are employed by the COUNTY OF SUFFOLK under the direction of the SUFFOLK COUNTY POLICE DEPARTMENT. The names of the aforementioned Police Officers, who are unknown to the Plaintiff as of the date of this Complaint, however, are being sued in their individual and official capacity.

## FACTUAL ALLEGATIONS

14. On Friday, May 20, 2016, between 8:00 – 8:30 p.m. Mr. Garcia was lawfully driving a Nissan Pathfinder, owned by his father, from his home in Commack, New York to Babylon, New York to visit his friend Melissa Zocchi.

15. At all times relevant to the Complaint, Mr. Garcia was operating his vehicle lawfully and abiding by all applicable laws and rules of the road.

16. As Mr. Garcia turned onto the Sunken Meadow Parkway, he was pulled over by an unmarked car with flashing lights.

3

17.     On the above-mentioned date and time, Mr. Garcia was present on the aforementioned roadway for lawful purposes, which were consistent with his rights.

18.     The two white individuals who exited the unmarked car had no uniforms on. Mr. Garcia complied with their requests, gave his license and two Police Benevolent Association cards from his brother and father.

19.     The officer that approached the driver's side of the vehicle questioned Mr. Garcia about where he was going. Mr. Garcia told the officer that he was going to Melissa Zocchi's home. The officer then asked Mr. Garcia for his insurance and registration, which he provided.

20.     At all relevant times, Mr. Garcia was courteous, and responsive to the requests of the officers and explained to the officers that his family members are police officers.

21.     At this time, the second officer came to the car. The officers proceeded to question Mr. Garcia about the tattoos on his hands. They then asked Mr. Garcia if he had ever been arrested, to which Mr. Garcia responded that he was previously arrested for a drug related incident and had a case pending.

22.     The officers then proceeded to question Mr. Garcia in an accusatory and abusive manner about the drug charge, and insinuated that Mr. Garcia may have drugs in his vehicle.

23.     The officer then opened Mr. Garcia's door, instructed him to get out of the vehicle and repeatedly asked him where he was going. Both officers searched Mr. Garcia for weapons and/or contraband and found nothing. He was then told to place his hands on the trunk of his vehicle.

24.     The officers then made false claims and assertions that Mr. Garcia had gang affiliations and called him "MS Chico." Although he was offended, Mr. Garcia did not respond to the insult as he feared for his safety and well being. Despite the disrespectful insinuations, Mr.

4

Garcia humbly complied with the officers requests.

25.     The officers then asked Mr. Garcia if there was anything in his truck and subsequently proceeded to search the vehicle without Mr. Garcia's permission and against his will.

26.     As the first officer searched the vehicle, the second officer told Mr. Garcia that he believed Mr. Garcia was lying, that they would find something in the vehicle, and that Mr. Garcia was going to jail, and would be charged with a felony.

27.     Mr. Garcia continued to plead his innocence to the officer. Mr. Garcia asked permission to call his father, who is a retired detective of the New York Police Department, but was told "We'll let you call if we feel the need to."

28.     The second officer told Mr. Garcia that he did not trust him, and that he believed Mr. Garcia was hiding something. He then proceeded to place handcuffs on Mr. Garcia's wrists, squeezed the handcuffs tightly, and leaned him against the car.

29.     While Mr. Garcia was held outside of his vehicle, the first officer tore apart and wrecked the inside of the car as he threw all of his belongings about and made the inside of the car totally displaced.

30.     Subsequently, two more white officers arrived at the scene.

31.     The officers persisted to pepper and probe Mr. Garcia with questions about his personal life, including where and with whom he grew up. Despite his nervousness, Mr. Garcia continued to answer the officers' questions.

32.     Mr. Garcia, at this time, had been held for approximately twenty-five minutes on the side of the Sunken Meadow Parkway. The officers then unlawfully and violatively touched Mr. Garcia to loosen his pants.

5

33.     Mr. Garcia was then subjected to a humiliating strip search, in public, on the shoulder of the Sunken Meadow Parkway.

34.     The officers then removed Mr. Garcia's shoes and socks, forcibly removed his belt, causing his pants to fall to his ankles, leaving his pants lying at his ankles. The officers thoroughly went through Mr. Garcia's belongings and pant pockets but found nothing illegal.

35.     As Mr. Garcia stood with his hands cuffed behind his back, in his underwear, the officers pulled Mr. Garcia's underwear away from his body, used flashlights to visually check his genitalia, and anus. They then touched Mr. Garcia, and shook Mr. Garcia by his hips to see if anything was hidden in his anus or groin. Despite Mr. Garcia's pleas to stop, the officers did not pull up his underwear and pants up, but left his pants at his ankles and continued to shake him.

36.     At no point was Mr. Garcia informed why he was initially pulled over. Although Mr. Garcia repeatedly asked for an explanation, he was either told to shut up or told nothing at all.

37.     The fourth Defendant Officer did not participate in the search of Mr. Garcia. Rather, he stood there and did nothing to intervene as Mr. Garcia pleaded with the officers to stop.

38.     Upon a completion of the search of the vehicle and strip/cavity search, the officers forcibly removed the handcuffs from Mr. Garcia's wrists. Mr. Garcia was then subjected to a field sobriety test.

39.     Mr. Garcia was instructed to stand on his left foot for twelve to thirteen seconds, extend his right arm and touch his nose with his pointer finger.

40.     Upon following the instructions given by the testing officer, Mr. Garcia passed the test and was released from their custody without an apology and without an explanation for the officer's actions.

6

41.     Mr. Garcia, in his shaken, humiliated and fearful state, dressed himself and drove to Melissa Zocchi's home.

42.     The duration of the ordeal lasted for approximately forty-five minutes.

43.     Due to his apprehension and embarrassment, Mr. Garcia did not speak in great detail about the ordeal until he went to his home and spoke with his father.

44.     On Monday, May 23rd, 2016, Mr. Garcia had a police report written and he filed an Internal Affairs report (File # 16-358i).  Following the filing of the report, Mr. Garcia was interviewed by Suffolk County Internal Affairs Division, regarding the false and humiliating detention by Defendant Officers.

45.     As of this date, no action has been taken by the COUNTY, or the COUNTY POLICE DEPARTMENT, concerning the actions of DEFENDANT OFFICERS.

46.     As a result of the treatment at the hands of the Defendant Officers, Plaintiff has suffered emotional stress.

## AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

47.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 46 of this Complaint with the same force and effect as though fully set forth herein.

48.     The Defendants, COUNTY OF SUFFOLK, COUNTY POLICE DEPARTMENT, DEFENDANT OFFICERS, their agents, employees and servants, lacked reasonable suspicion to stop and detain the Plaintiff, BRIAN GARCIA and the Collective Defendants, their agents, employees and servants lacked probable cause to retain him in prolonged custody.

7

49.     The wrongful stop, false detainment, strip/cavity search, negligent infliction of emotional distress and other wrongful acts conducted against the Plaintiff by the Defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, OFFICERS JOHN DOE 1 - 4, its agents, employees and servants, were committed under color of law, customs, and statutes of the State of New York.

50.     Under color of law, the Defendants, their agents, employees and servants deprived the Plaintiff of his Fourth, Fifth and Fourteenth Amendment rights to protection from unlawful search and seizure, equal protection and due process (procedural and substantive) by wrongfully detaining the Plaintiff for no reason of any kind.

51.     The detainment of Plaintiff BRIAN GARCIA without probable cause, and other wrongful acts conducted against the Plaintiff by Defendants, including, but not limited to Defendant's intentionally and falsely imprisoning, harassing, humiliating and illegally, physically strip-searching Brian Garcia, constitutes a violation of Plaintiff's rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as the Defendants had a duty to not subject Plaintiff to false imprisonment, and other wrongful acts, but failed to prevent same and breached their duty all in violation of 42 U.S.C. §1983.

52.     The Defendants, their agents, employees and servants acted under color of law to deny the Plaintiff, his constitutional rights to due process and freedom from seizure, by wrongfully holding him for an indeterminate period of time, without providing a reasonable basis and/or due process guarantees secured to the Plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution.

8

53.     That by reason of the foregoing, Plaintiff suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, public humiliation and embarrassment was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. § 1981

54.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 53 of this Complaint with the same force and effect as though fully set forth herein.

55.     Plaintiff was targeted by DEFENDANT OFFICERS because of his race, that being of Latin American descent.

56.     Plaintiff was wrongfully discriminated against by DEFENDANT OFFICERS because of his tattoos. The DEFENDANT OFFICERS inferred that he was associated with a gang because of his race, and racial referenced to his tattoos.

57.     Plaintiff was falsely imprisoned, publicly humiliated, and denied his due process rights on account of his race, his status as a Latin American person, his tattoos and was not afforded full and equal benefit of all laws and proceedings for the security of his person and property as is enjoyed by white citizens.

58.     The Defendants, their agents, employees and servants conspired to deprive Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights, and caused such deprivation of rights by acting to unlawfully stop, seizure, falsely imprison, humiliate and negligently cause emotional

9

distress to the Plaintiff.

59.     As a consequence of DEFENDANTS' wrongful actions, willful neglect, callous indifference, negligent behavior and violation of state and federal laws, Plaintiff GARCIA was deprived of his freedom, falsely imprisoned, was subjected to unlawful search and seizure, was subjected to mental anguish, suffered great fear, embarrassment, personal humiliation, and degradation. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth, and Fourteenth Amendment; the equal protection clause and the Fourth Amendment and the Sixth Amendment to the United States Constitution as well as the protections afforded under 42 U.S.C. § 1981.

60.     The Defendants, their agents, employees and servants conspired to deprive Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights, and caused such deprivation of rights by acting to unlawfully stop, seizure, falsely imprison, humiliate and negligently cause emotional distress to the Plaintiff.

61.     Said actions by Defendants denied the Plaintiff of his Due Process, and denied him the equal protection under the law. All of these rights are guaranteed to the Plaintiff under U.S.C. §§'s 1981, and Fourteenth Amendments of the United States Constitution.

62.     Plaintiff further suffered humiliation, anxiety, fear and emotional and psychological harm, unconsented touching as a direct result of being seized publicly detained, manhandled, handcuffed and harassed.

63.     That by reason of the foregoing, Plaintiff suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, public humiliation and embarrassment was deprived of his constitutional rights and has been damaged in

10

the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR THIRD CAUSE OF ACTION
## 42 U.S.C. §1983-MUNICIPAL LIABILITY

64.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 of this Complaint with the same force and effect as though fully set forth herein.

65.     Prior to May 20, 2016, and since, Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses and detention and arrests of persons by police officers. Despite the egregiously improper conduct, the DEFENDANT OFFICERS involved were not seriously prosecuted, disciplined or subjected to restraint and such incidents were in fact covered up with official claims that the harassments were justified and proper. As a result, Defendants SUFFOLK COUNTY POLICE were caused and encouraged to believe that individuals could be falsely stopped, stip searched in public, and detained under circumstances requiring the use of fabricated and falsified evidence and giving false testimony, falsified and intentionally misleading reports, ignoring and misapplying the rules and regulations, and that such behavior would, in fact, be permitted by the COUNTY.

66.     In addition to permitting a pattern of practice of improper treatment of persons, the COUNTY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of unjustified arrests and prosecution by their agents/employees.

67.     The COUNTY has failed to respond to the continuing and urgent need to prevent,

11

restrain and discipline police officers that deprive citizens of their civil rights.

68.    A system allegedly maintained by the COUNTY, has failed to properly review

unjustified behavior and activities by police officers, and has failed to identify the violative acts by

police officers and to subject officers to discipline, closer supervision or restraint to the extent that

it has become the custom of the COUNTY to tolerate the improper and illegal arrests and other

wrongful actions by police officers.

69.    Upon information and belief, specific systemic flaws in the COUNTY's police

misconduct review process include but are not limited to the following:

- Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

- Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

- Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

- Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

- Create and manufactured false testimony and evidence.

- Overlooking false and misleading statements made by Police Personnel

70.    The foregoing acts, omissions, systemic flaws, policies and customs of the COUNTY

caused Suffolk County Police Officers  to believe that improper actions would not be aggressively,

honestly and properly investigated with the foreseeable result that officers are most likely to act

inappropriately and falsify evidence in situations where such evidence is neither necessary nor

12

reasonable. These such failure continued and were part of an ongoing culture.

71.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the Defendant COUNTY, the Plaintiff was unjustifiably mistreated, illegally arrested and wrongfully detained, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation of character and injury to his reputation, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional and psychological damage, resulting in the need to seek  professional counseling for the trauma which he incurred. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. §§1981 and 1983.

72.     That by reason of the foregoing, Plaintiff suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, public humiliation and embarrassment was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AND AS FOR A FOURTH CAUSE OF ACTION
## 42 U.S.C. § 1983 - FAILURE TO INTERVENE

73.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 72 of this Complaint with the same force and effect as though fully set forth herein.

74.     DEFENDANT OFFICERS, and each of them, from Suffolk County Police

13

Department knew or should have known that the detainment, false imprisonment, and humiliation of BRIAN GARCIA violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983.

75.     Each of the said DEFENDANTS had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the detainment, false imprisonment, and humiliation of the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

76.     DEFENDANT OFFICERS from the DEFENDANT POLICE DEPARTMENT failed to stop these wrongful actions, which constitutes a breach of their duty to do so under 42 U.S.C. § 1983.

77.     DEFENDANT OFFICERS from the DEFENDANT POLICE DEPARTMENT knew or should have known that the detainment, false imprisonment, and public humiliation of BRIAN GARCIA were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

78.     That by reason of the foregoing, Plaintiff suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, public humiliation and embarrassment was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AND AS FOR A FIFTH CAUSE OF ACTION
### (PENDENT STATE LAW CLAIM)
### NEGLIGENT HIRING AND SUPERVISION

79.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 78  of this Complaint with the same force and effect as though fully set forth herein.

80.     The DEFENDANTS, acting in their respective individual capacities as employees of the County of Suffolk, Suffolk County Police Department, were negligent in the act of hiring, training and supervising the OFFICERS involved in this Complaint. The lack of proper training and supervision of these OFFICERS were contributing factors in the false imprisonment, strip/cavity search, and public humiliation of Plaintiff GARCIA.

81.     That by reason of the foregoing, Plaintiff suffers significant emotional damages, distress, pain, suffering, loss of self-esteem, self-doubt, and has been exposed to disgrace, public humiliation and embarrassment was deprived of his constitutional rights and has been damaged in the sum in excess of five million ($5,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

### PUNITIVE DAMAGES
#### (Against All Defendants Individually)

82.     That Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 81 of this Complaint with the same force and effect as though fully set forth herein.

83.     The acts of the individual Defendants were willful, wanton, malicious and oppressive

15

and were motivated by a desire to harm Plaintiff, without regard for Plaintiff's well-being, and were based on a lack of concern and ill-will towards Plaintiff. Such acts therefore deserve an award of ten million ($10,000,000.00) as punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants:

a.      On the First Cause of Action in the sum of five million ($5,000.000.00) dollars.

b.      On the Second Cause of Action in the sum of five million ($5,000.000.00) dollars.

c.      On the Third Cause of Action in the sum of five million ($5,000.000.00) dollars.

d.      On the Fourth Cause of Action in the sum of five million ($5,000.000.00) dollars.

e.      On the Fifth Cause of Action in the sum of five million ($5,000.000.00) dollars.

f.      Punitive damages in the amount of twenty million ($20,000,000.00).

g.      Injunctive relief, requiring Defendants to correct all past violations of federal law as alleged herein; to enjoin defendants from continuing to violate federal law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal laws;

h.      An order granting such other legal and equitable relief as the court deems just and proper.

I.      Award costs of this action including attorney's fees to the plaintiff pursuant to 42 U.S.C. § 1988 and any and all applicable attorney's fees and costs as imposed by state-law.

## A JURY TRIAL IS HEREBY DEMANDED

16

Dated: Hempstead, New York
June 25, 2018

Respectfully Submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By:

FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

17