UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIAN GARCIA,

                                Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, P.O. DAVID YOUNG, Shield #4486/420, in his individual and official capacity, P.O. DAVID FERRARA, Shield #6163/420 in his individual and official capacity, DET. JAMES STAPLETON, Shield #1348/3140, in his individual and official capacity, DET. ARTHUR RALL, Shield #1399/3140, in his individual and official capacity, DET. TIMOTHY ZORN, Shield #1469/2420, in his individual and official capacity,

                                Defendants.

**ANSWER TO AMENDED COMPLAINT**

18-cv-3675(JMA)(GRB)

**JURY TRIAL DEMANDED**

      Defendant, COUNTY OF SUFFOLK, P.O. DAVID YOUNG, P.O. DAVID FERRARA, DET. JAMES STAPLETON, DET ARTHUR RALL and DET. TIMONTH ZORN, by its attorney, Dennis M. Brown, Suffolk County Attorney, by Kyle Wood, Assistant County Attorney, answering plaintiff's complaint respectfully:

      1.     Avers that the allegations contained in the paragraphs numbered 1, 2, 7 and 8 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

      2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 3, 4, 5, 6, 9, 18, 33 and 47 of the complaint, and refers all questions of law to the Court.

1

3. Denies the allegations contained in the paragraph numbered 10 of the complaint except admits receipt of a purported notice of claim, and refers all questions of law to the Court.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 11, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 12 of the complaint, except admits that Defendant County of Suffolk is and was a duly constituted municipal corporation of the State of New York, and refers all questions of law to the Court.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 14 of the complaint, except admits that Defendants Officer David Young, Officer David Ferrara, Det. James Stapleton, Det. Arthur Rall, Det Timothy Zorn are members of the Suffolk County Police Department.

As and for Defendants Answer to a<br>
<u>First Cause of Action 42 U.S.C. §1983</u>

7. Answering the paragraph numbered 48 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 49, 50, 51, 52, 53 and 54 of the complaint, and refers all questions of law to the Court.

As and for Defendants Answer to a
Second Cause of Action 42 U.S.C. §1981

9. Answering the paragraph numbered 55 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

10. Denies the allegations contained in paragraph numbered 56 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 57 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 58, 59, 60, 61, 62, 63 and 64 of the complaint, and refers all questions of law to the Court.

As and for Defendants Answer to a Third Cause of
Action 42 U.S.C. §1983-Municipal Liability

13. Answering the paragraph numbered 65 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

14. Denies the allegations contained in paragraphs numbered 66, 67, 68, 69, 70, 71, 72 and 73 of the complaint, and refers all questions of law to the Court.

As and for Defendants Answer to a
Fourth Cause of Action 42 U.S.C. §1983- Failure to Intervene

15. Answering the paragraph numbered 74 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 75, 76, 77, 78 and 79 of the complaint, and refers all questions of law to the Court.

As and for Defendants Answer to a Fifth Cause of Action 42
(Pendent State Law Claim) Negligent Hiring and Supervision

17. Answering the paragraph numbered 80 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

18. Denies the allegations contained in paragraph numbered 81 of the complaint, and refers all questions of law to the Court.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 82 of the complaint, and refers all questions of law to the Court.

As and for Defendants Answer to Punitive
Damages (Against All Defendants Individually)

20. Answering the paragraph numbered 83 of the complaint repeats, reiterates and realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

21. Denies the allegations contained in paragraph numbered 84 of the complaint, and refers all questions of law to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

22. That the complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

23. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

24. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

25. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendant or otherwise ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

26. That no custom or usage adopted, followed, endorsed or ratified by defendant authorized a deprivation of plaintiff's constitutional rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

27. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

28. That municipal defendant are not liable for punitive damage awards.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

29. That this Court lacks subject matter jurisdiction.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

30. That plaintiff has failed to comply with the statutory conditions precedent to

commencement of an action against municipal defendant as set forth in the New York General Municipal Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. That plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

32. That defendant's actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34. That the substance of any communications, if any, made by the defendant and/or its agents are and were true.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35. That the defendant, at all times complained of, acted reasonably and in good faith in the discharge of its official duties and responsibilities.

36. That defendant acted in what they did solely pursuant to its duties and responsibilities as law enforcement and/or prosecuting officials.

37. That defendant at all times acted in good faith in that it reasonably believed that it was exercising and acting within its statutory and constitutional powers.

38. That in performing such duties and responsibilities, defendant is and was

protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

39. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

40. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendant as set forth in the New York General Municipal Law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

41. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the Statute of Limitations.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

42. That the Suffolk County Police Department is not an entity susceptible to suit.

WHEREFORE, defendant demands judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
February 7, 2019

Yours etc.,
Dennis M. Brown
Suffolk County Attorney
Attorney for Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

By: */s/ Kyle Wood*
Kyle Wood
Assistant County Attorney

TO: Law Offices of Frederick K. Brewington
556 Peninsula Boulevard
Hempstead, New York 11550